Eastern District of Kentucky
**FILED**
MAY 20 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CRIMINAL ACTION NO. 05-84-KSF

UNITED STATES OF AMERICA            PLAINTIFF

V.                  **PLEA AGREEMENT**

DAVID MARSHALL HAGGARD, SR. and
THE HAGGARD COMPANY, INC.,
    aka HAGGARD CONSTRUCTION AND RENTAL COMPANY,
    aka HAGGARD SEPTIC SERVICE                          DEFENDANTS

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11, the Defendants will enter guilty pleas to the charge contained in the Information, a violation of 33 U.S.C. §§ 1317(d) and 1319(c)(2)(A), and 40 C.F.R. §403.5(b)(8).

2. The essential elements of the charge are:

    (a) The Defendants knowingly discharged a trucked or hauled pollutant, into a publicly owned treatment works;

    (b) The discharge occurred at a place other than a discharge point designated by the publicly owned treatment works; and

    (c) The discharge was in violation of national pretreatment standards.

3. As to the charge, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendants admit these facts:

Defendant Haggard is the President and owner of the Defendant Haggard Company, Inc. On or about August 6, 2003, Roy Lane, an employee of the Defendant Haggard Company, Inc., made collections of grease waste from several fast food restaurants in Estill, Powell, and Clark counties, all in the Eastern District of Kentucky. Mr. Lane made these collections under instructions from Defendant Haggard. After making the collections, Mr. Lane returned to the gated Haggard Company warehouse property located at 102 Daytona Drive, Winchester, Kentucky. Mr. Lane parked the truck on a dirt driveway near a warehouse bearing the name "Haggard Ready Mix." Soon thereafter, Defendant Haggard arrived at the property and used a bulldozer / back-hoe to move a pile of dirt, uncovering a manhole located in the center of the driveway, approximately ten to fifteen feet in front of the gates of the Haggard warehouse property.

The manhole, number 16-25, uncovered by Defendant Haggard leads directly into the Winchester Municipal Utilities sanitary sewer system. Mr. Lane and Defendant Haggard removed the manhole cover and placed a hose from the septic truck into the manhole for approximately fifteen minutes, discharging the contents of the septic truck. Defendant Haggard then used the bulldozer to re-cover the manhole with dirt.

At the time of the offense neither Defendant was permitted to discharge a trucked or hauled pollutant, that is septic and grease waste, into the Winchester Municipal Utilities sewer system.

√4. The maximum statutory punishment is imprisonment for not more than 3 years, a fine of not more than $50,000 per day of violation, and not more than 1 year supervised release. In the case of an organization, a fine of not less than $5,000 nor more than $50,000 per day of violation, or $500,000 fine, whichever is greater. If a prior conviction for same offense, not more than 6 years imprisonment, not more than $100,000 fine per day of violation, and not more than 3 years supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendants recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2002, manual, will determine the Defendant Haggard's guideline range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct is included.

    (c) Pursuant to U.S.S.G. § 2Q1.3, the base offense level is 6.

    (d) Pursuant to U.S.S.G. § 2Q1.3(b)(1)(A), increase the offense level by 4 levels for discharge of pollutant.

    (e) Pursuant to U.S.S.G. § 2Q1.3(b)(4), increase the offense level by 4 levels for discharge without a permit or in violation of a permit.

    (f) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by 2 levels for the Defendant Haggard's acceptance of responsibility.

6. No agreement exists about the Defendant Haggard's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The United States and the Defendants further agree that a fine in the amount of $35,000 is an appropriate fine. This recommendation is not binding on the Court.

8. The Defendants waive the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

9. The Defendants will cooperate fully with the United States in the investigation and prosecution of the matters in the Information and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant Haggard

provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements. If requested by the United States, Defendant Haggard will submit to a polygraph examination by an examiner selected by the United States. If the Defendant Haggard provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The determination as to whether the Defendant Haggard provided substantial assistance is solely within the discretion of the United States.

10. The United States will recommend releasing Defendant Haggard on his own recognizance for future court appearances.

11. After pleading guilty, the Defendants will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant Haggard, individually, and on behalf of the Haggard Company, Inc., will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

12. If the Defendants violate any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendants waive any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendants. The United States has not made any other promises to the Defendants.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant Haggard, individually and in his capacity as President of the Haggard Company, Inc., and the Defendant's attorney acknowledge that the Defendant Haggard understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant Haggard, and that the Defendant Haggard's entry into this Agreement is voluntary.

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY

Date: 5/20/05      By: _____
                        Robert M. Duncan, Jr.
                        Assistant United States Attorney

Date: 5/20/05          _____
                        Defendant David Marshall Haggard, Sr.,
                        individually, and for
                        Defendant The Haggard Company, Inc.

Date: 5/20/05          _____
                        R. Burl McCoy
                        Attorney for Defendants

Page 5 of 6

**APPROVED**, this 20th day of May, 2005.

_____KSF_____
KARL S. FORESTER
SENIOR UNITED STATES DISTRICT JUDGE